IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MAURICE TRAMMELL                                                                    PLAINTIFF

v.                                    Civil No. 4:18-cv-04102

OFFICER RAUCH, Hempstead County; and
OFFICER PENEGRASS, Hempstead County                                     DEFENDANTS

**ORDER**

This is a civil rights action filed *pro se* by Plaintiff, Maurice Trammell, under 42 U.S.C. § 1983. Before the Court is Plaintiff's failure to keep the Court informed of his address.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 29, 2018. (ECF No. 1). The same day, the Court entered an order granting Plaintiff's *in forma pauperis* application. (ECF No. 3) and informing Plaintiff that he was required to immediately notify the Court of any change of address and that the failure to do so would result in dismissal of this case. On November 1, 2018, the Court entered an order directing Plaintiff to provide Defendants with responses to discovery requests by November 15, 2018, and warning Plaintiff that failure to comply with the order would result in the dismissal of his case. (ECF No. 13). On November 5, 2018, the Court's scheduling order that was sent to Plaintiff at his address of record—Hempstead County Detention Facility, 312 South Washington Street, Hope, AR 71801—was returned as undeliverable. On November 13, 2018, the order entered November 1, 2018, that was sent to Plaintiff's address of record was returned as undeliverable. (ECF No. 15).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

More than thirty (30) days have passed since the order requiring Plaintiff to respond to discovery requests was entered, and Plaintiff has not complied with the order. (*See* ECF No. 16) Further, Plaintiff has failed to keep the Court informed of his current address and failed to prosecute this case. Therefore, pursuant to Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Complaint against Defendants Officer Rauch and Officer Penegrass (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 16th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge